IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Patricia LaBar, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:13-cv-02551-B |
| ABC Medical Holdings, Inc., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE

Defendant ABC Medical Holdings, Inc. ("ABC Medical") respectfully submits its Reply in support of its Motion to Dismiss this case for improper venue. In light of Plaintiff's reliance in opposition on *In re Atlantic Marine Constr. Co.*, 701 F.3d 736 (5th Cir. 2012), ABC Medical respectfully requests that this Court stay consideration of its Motion to Dismiss, pending the outcome of the Supreme Court's further review of that case, 133 S. Ct. 1748 (U.S. 2013) (granting cert.). In support thereof, ABC Medical states as follows:

**I.     The Court Should Stay Consideration of ABC Medical's Motion to Dismiss Until the Supreme Court Decides *Atlantic Marine*.**

Plaintiff argues in her opposition that the Fifth Circuit's recent decision in *Atlantic Marine* requires this Court to deny ABC Medical's motion because ABC Medical has moved to dismiss the case pursuant to Fed. R. Civ. 12(b)(3), rather than moving to transfer under 28 U.S.C. § 1404(a). Pl's. Opp. at 5. Plaintiff alternatively argues that the governing standard set forth in *Atlantic Marine* prevents this Court from transferring this case as well. *Id.* at 7-11. But nothing in *Atlantic Marine* requires this Court to deny ABC Medical's motion for failing to request a § 1404(a) transfer, and the current standard governing motions to dismiss for improper

venue or to transfer venue in this circuit are at this time too unclear and subject to immediate modification by the Supreme Court for the Court to proceed at this time.

As a preliminary matter, nothing in *Atlantic Marine* prevents this Court from giving effect to the parties' forum selection clause by transferring the case to a federal court sitting in Delaware or Utah rather than dismissing it.   The Fifth Circuit merely refused in that case to reverse a district court decision, under the highly deferential standard applied upon mandamus review, holding that "when a forum-selection clause designates a specific federal forum or allows the parties to select the federal courts of a different forum, a motion to transfer under § 1404(a) is the proper procedural mechanism for enforcing the clause."   701 F.3d at 739.   This Court subsequently recognized in *LeBlanc v. C.R. England, Inc.,* that a party's decision to move under Rule 12(b)(3) does not control the Court's analysis of a motion to enforce a forum selection clause.   2013 WL 4463366, at *5 (N.D. Tex. Aug. 13, 2013) ("[T]he moving party's choice of procedural mechanisms—Rule 12(b)(3) or § 1404(a)—does not dictate the court's choice of analytical tools.").   Accordingly, it is clear that *Atlantic Marine* does not compel the Court to deny ABC Medical's Motion to Dismiss simply because of the label affixed to the motion or the specific relief requested therein.

But that is all that is clear at this time  – the rest of the law governing ABC Medical's motion is subject to modification in the near future because the Supreme Court has granted a writ of certiorari to review *Atlantic Marine* and held oral argument last week on October 9, 2013, a transcript of which is attached hereto as Appendix 1.

The questions the Supreme Court will be deciding in *Atlantic Marine* are:

1.  Did the Court's decision in *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22 (1998), change the standard for enforcement of clauses that designate

an alternative federal forum, limiting review of such clauses to a discretionary, balancing-of-conveniences analysis under 28 U.S.C. § 1404(a)?

2. If so, how should district courts allocate the burdens of proof among parties seeking to enforce or avoid a forum selection clause?

Brief for Petitioner at i, *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. W.D. Tex.*, No. 12-929, 2013 WL 3166391 (U.S. June 17, 2013).  A review of the *Atlantic Marine* oral argument transcript reveals that there was substantial concern and skepticism among a majority of the justices with the Fifth Circuit's answers to these questions.  But no matter how the Supreme Court ultimately rules, it would be appropriate for this Court to await its decision before ruling on ABC Medical's Motion to Dismiss, because the decision should be forthcoming within the next few months and, at a minimum, it will substantially clarify what this Court has (correctly) described as the "*Stewart* Muddle," *LeBlanc*, 2013 WL 4463366 at *3.

This Court has discretionary power to stay proceedings before it pending the resolution of another related case. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *In re M.J. Beebe*, 56 F.3d 1384 (5th Cir. 1995) (per curiam).  It would be especially prudent for the Court to reserve its decision here until it receives further guidance from the Supreme Court, because the standard governing transfers of venue under § 1404(a) where there is a valid forum selection clause remains unclear in the Fifth Circuit even after *Atlantic Marine*.  As this Court recognized in *LeBlanc*, which standard applies will likely determine the outcome of ABC Medical's motion. *Id.* at *2.  For example, because the case came before it upon a writ of mandamus, in *Atlantic Marine*, the Fifth Circuit did not determine whether a party opposing the enforcement of a forum selection clause such as Plaintiff here bears the burden of proof on a motion to transfer.  701 F.3d at 741-42 ("Atlantic contends that although the movant seeking to transfer under § 1404(a) generally bears the burden of proving the propriety of transfer, when the parties have entered into

a contractual forum-selection clause the party seeking to avoid the contractually-chosen forum bears the burden of proving why the contractual choice should not be honored.  Given the fact that this Court has never confronted that issue, we cannot conclude that the district court clearly abused its discretion by placing the burden on the movant."); *LeBlanc*, 2013 WL 4463366, at *8 ("Although not squarely addressed by the Fifth Circuit, in *In re Atlantic*, the Fifth Circuit did determine that the lower court had not abused its discretion in placing the burden of proving the propriety of transfer on the moving party.").  As discussed *supra*, the burden of proof question is one of the questions the Supreme Court will specifically decide in *Atlantic Marine*.  Similarly, because the arguments were not properly preserved before the district court, the Fifth Circuit did not consider how much weight should be given the traditional private and public interest factors in the face of a bargained for forum selection clause.  *See Atlantic Marine*, 701 F.3d at 742 ("Atlantic failed to argue below that the district court should not consider foreseeable inconvenience and Atlantic points to no controlling authority holding foreseeability is a necessary consideration under § 1404(a).  Thus, we conclude that the district court did not 'clearly and indisputably' err by failing to consider an argument that was not before it and that was not compelled by precedent."); *id.* at 743 ("We cannot conclude that the district court 'clearly and indisputably erred' by not giving proper weight to the public interest in ways Atlantic did not even raise before the district court.").

Both of the foregoing issues fundamentally go to the governing standard, the resolution of which will likely be dispositive in this case even if the Supreme Court agrees with the Fifth Circuit that a § 1404(a) venue transfer is the only proper procedural mechanism for cases where the forum selection clause includes a federal forum.  Accordingly, rather than applying a decision which may be reversed in whole or in part in a matter of months, it behooves this Court

as a matter of judicial economy and fairness to stay its hand on ABC Medical's Motion to

Dismiss until the Supreme Court issues its decision in *Atlantic Marine*.[1]

## II.    The Governing Forum Selection Clauses are Mandatory, Not Permissive.

Should the Court decide not to stay its consideration of ABC Medical's motion and apply

*Atlantic Marine* as it currently stands, it should still enforce the parties' forum selection clauses

in their Stock Purchase Agreement ("SPA") and Escrow Agreement and transfer this case to the

District of Delaware, which is where ABC Medical is incorporated and is located approximately

25 miles from ABC Medical's current corporate headquarters in Exton, Pennsylvania.  Although

Plaintiff concedes that the SPA forum selection clause is mandatory, she nevertheless argues that

the Court should ignore this clause because her claims fall exclusively under the terms of the

Escrow Agreement and the forum selection clause in that agreement is permissive and, therefore,

not binding.  Pl's Opp. at 13.  Plaintiff's characterizations of her claims and the Escrow

Agreement forum selection clause are both fundamentally flawed in several respects.

First, contrary to Plaintiff's assertion, the basis and resolution of the parties' claims to the

Escrow Funds is governed by the terms of SPA, not the Escrow Agreement.  It is pursuant to the

SPA that $1,500,000 of the purchase price was escrowed by the parties, the Escrow Agreement

was entered into and the Escrow Funds were deposited into the Escrow Account in order to

satisfy any potential future indemnification claims by ABC Medical.  *See* Pl's Compl. ¶¶ 6-7;

SPA § 3.4 ("On the Closing Date, Buyer shall cause the amount of $1,500,000 to be deposited

with the Escrow Agent pursuant to the terms of the Escrow Agreement.  This amount shall be

available to satisfy *indemnification claims under Section [10] of this Agreement* for a period of

---

[1]    Plaintiff will not suffer any substantive prejudice if the decision on the Motion to Dismiss is stayed for a few
months until the Supreme Court issues its ruling.  The escrow funds that are currently in dispute will remain
deposited with the escrow agent and will continue to accrue interest during this brief period.

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS FOR IMPROPER VENUE – Page 5

eighteen (18) months after the Closing Date.") (emphasis added).  Accordingly, Plaintiff's suit, which seeks to resolve the parties' irreconcilable differences over entitlement to the escrowed funds, is an action "arising out of [the SPA]" and is, therefore, governed by the terms of the SPA's mandatory forum selection clause. *See* SPA § 11.4.

Second, because the SPA and Escrow Agreement were executed contemporaneously by the same parties, for the same purpose, and as part of the same transaction, they must be construed together in order to construe the intent of the parties, and any apparently conflicting provisions in those agreements must be reconciled to give effect to all of them.  *Personal Security & Safety Sys. Inc. v. Motorola Inc.*, 297 F.3d 388, 393 (5th Cir. 2002); *Neal v. Hardee's Food Sys., Inc.,* 918 F.2d 34, 37 (5th Cir. 1990); *Richland Plantation Co. v. Justiss-Mears Oil Co., Inc.*, 671 F.2d 154, 156 (5th Cir. 1982).  To interpret the Escrow Agreement forum selection clause as permissive while interpreting the SPA forum selection clause as mandatory would render the latter a nullity.   It would also run counter to other language in the SPA, which provides that the Escrow Agreement is an exhibit to the SPA, and that "[a]ll . . . exhibits attached hereto are by this reference incorporated herein and made a part hereof for all purposes as if fully set forth herein." SPA §§ 9.2(vi)(m), 11.10.   Contra Plaintiff, this language further confirms the parties' agreement and intent that any claims to the Escrow Funds were to be litigated exclusively in Delaware or Utah courts pursuant  to the SPA's mandatory forum selection clause.

Third, even when construed independently of the SPA, the only reasonable construction of the Escrow Agreement forum selection clause is that it is mandatory,  not permissive.  Section 1.3(a) of the Escrow Agreement sets forth the procedure for ABC Medical to assert any "Claims" against the Escrow Property "pursuant to [ABC Medical's] [indemnification] rights *under Section 3.3 or 3.4 of the Stock Purchase Agreement* (emphasis added)."  Section 1.3(c)  bears the

heading "Resolution of Disputes."  Under this section, any dispute with respect to "Claims" made pursuant to Section 1.3 – i.e., ABC Medical claims against the Escrow Property pursuant to its indemnity rights under the SPA – may be submitted to a "Chosen Court" (defined as a Delaware or Utah state or federal court) to determine a Party's liability for any Claimed Amount under the SPA.  Critically, the Escrow Agent is only obligated to recognize and comply with an Order from a Chosen Court which explicitly states a party's liability for a Claimed Amount. Escrow Agreement § 1.3(c)(ii) ("Such Order shall contain the amount, if any, of the Party's liability for the Claimed Amount *as finally determined by such Chosen Court . . . .*") (emphasis added).  Accordingly, in Section 1.3(c) the parties made clear that, consistent with the terms of the SPA forum selection clause, only a Delaware or Utah court has jurisdiction to decide a party's entitlement to any disputed amount of Escrow Funds.[2]

   Plaintiff also attempts to rely upon Section 3.5 of the Escrow Agreement to demonstrate that its forum selection clause is merely permissive.  But Section 3.5 does not apply to the dispute and claims at issue here.  Section 3.5 concerns "any conflict, disagreement or dispute" concerning "the meaning or validity of any provision hereunder or concerning any other matter relating to [the] Escrow Agreement."  Thus, for example, if a dispute arose between the parties over whether the Escrow Agent could disburse any undisputed portion of the Escrow Property pursuant to Section 1.4, then the parties could, under the terms of Section 3.5, resolve such dispute in any court of competent jurisdiction or in an arbitration proceeding.  Plaintiff's

---

[2]   Contrary to Plaintiff's assertion, the "may be" language of Section 1.3(c)(ii) of the Escrow Agreement does not make this forum selection clause permissive.  This language provides that, if the parties cannot amicably resolve a dispute concerning a claim to any amount of the Escrow Property within thirty days of written notification of such dispute, either party may choose to bring an action in Delaware or Utah court to resolve such dispute.  This seemingly permissive language must be read in the context of the entire forum selection clause, which makes clear that the Escrow Agent can only recognize and comply with an order from a Delaware or Utah court which explicitly states a party's liability for or entitlement to any claimed amount of the Escrow Property.

Complaint, however,  does not identify any dispute concerning "the meaning or validity of any

provision . . . or any other matter relating to [the terms of] the Escrow Agreement."  Rather, the

Complaint exclusively concerns "Claims" against the Escrow Property "pursuant to [ABC

Medical's] [indemnification ] rights under Section 3.3 or 3.4 of the Stock Purchase Agreement."

Escrow Agreement § 1.3(a).  As discussed above, such claims are governed by the mandatory

forum selection clauses of the SPA and the Escrow Agreement, both of which require that these

claims be litigated exclusively in either Delaware or Utah court.[3]

## III.   Plaintiff Has Not  Presented Any Competent Evidence Which Should Overcome Enforcement of the Parties' Forum Selection Clause

As the party who has filed suit in Texas in breach of the terms of her contracts, the

burden should lie on Plaintiff to demonstrate why the Court should not enforce the forum

selection clauses here.  *See Watson v. John K. Burch Co.*, 2003 WL 21145744, at *2 (N.D. Tex.

May 14, 2003) ("Although the Fifth Circuit has not decided this precise question, other circuits

have held that the presence of a valid and enforceable forum selection clause shifts the burden of

persuasion to the nonmovant who is attempting to avoid its enforcement.") (citing *Jumara v.*

*State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir. 1995); *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th

Cir. 1989) (per curiam)).  Plaintiff here has not met this burden.  Although Plaintiff asserts that

almost all of her potential non-party witnesses live in the Northern District of Texas, she does

not specifically identify any of these witnesses and has not submitted any admissible evidence –

no sworn declarations, no documents – to support her assertions.  Nor has Plaintiff presented any

---

[3]  Plaintiff argues that any ambiguity in the Escrow Agreement forum selection clause should be construed against ABC Medical as the drafter of the agreement. Pl's Opp. at 17 n.21. But Section 11.15 of the SPA provides that "in the event an ambiguity or question of intent or interpretation arises, this Agreement *and the other agreements and documents to be executed by the Parties in connection herewith* shall be construed as if drafted jointly by Buyer, on the one hand, and Seller and the Company, on the other hand, and *no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Agreement and the other agreements* and documents to be executed by the Parties in connection herewith." (emphasis added)

evidence to support her (false) assertion that "virtually all of the events which preceded this matter occurred in the Northern District of Texas."[4]   Pl's Opp. at 10.   Accordingly, the only controlling evidence that the Court has before it is the parties' bargained for forum selection clauses, which, according to the Supreme Court, should be given "controlling weight in all but the most exceptional cases."  *Stewart*, 487 U.S. at 33 (Kennedy, J., concurring).

Furthermore, assuming *arguendo* that Plaintiff had submitted actual competent evidence, no weight should be given to the alleged inconveniences and burdens Plaintiff and her purported Texas-based third party witnesses would suffer if the case were dismissed or transferred to Delaware, because those personal inconveniences were clearly foreseeable to her when she, a sophisticated businesswoman, agreed as part of a multi-million dollar transaction to litigate her disputes with ABC Medical in Delaware or Utah exclusively.   *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17-18 (1972) ("Whatever 'inconvenience' Zapata would suffer by being forced to litigate in the contractual forum as it agreed to do was clearly foreseeable at the time of contracting. In such circumstances it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain.").   Moreover, Plaintiff has not identified any extraordinary countervailing public interest in maintaining this action in the Northern District of Texas which should warrant disregarding the parties' bargained for forum selection clauses.[5]

---

[4]   Plaintiff's barebones Complaint also does not contain any allegations which demonstrate or even indicate that the factual nexus of this case lies in the Northern District of Texas.

[5]   The only public interest factor Plaintiff identifies which even arguably weighs in favor of litigating this case in the Northern District of Texas is that the average disposition time for cases in this district is approximately three

<u>DEFENDANT'S REPLY MEMORANDUM IN SUPPORT</u>
<u>OF ITS MOTION TO DISMISS FOR IMPROPER VENUE</u> – **Page 9**

## CONCLUSION

For reasons set forth above and in its memorandum in support, Defendant ABC Medical respectfully requests that the Court (i) grant its Motion to Dismiss for improper venue; (ii) transfer this case to the District of Delaware; or (iii) stay consideration of its motion pending further clarification of the governing law by the United States Supreme Court.

Dated: October 14, 2013            Respectfully submitted,


                                   s/ Christopher M. LaVigne
                                   Christopher M. LaVigne
                                   Texas State Bar No. 24026984
                                   Greenberg Traurig, LLP
                                   2200 Ross Avenue, Suite 5200
                                   Dallas, TX 75201
                                   (Tel) 214-665-3675
                                   (Fax) 214-665-3601
                                   lavignec@gtlaw.com

                                   Kevin E. Stern (*pro hac vice*)
                                   Greenberg Traurig, LLP
                                   2101 L Street, NW
                                   Suite 1000
                                   Washington, DC 20037
                                   (Tel) 202-452-4878
                                   (Fax) 202-261-0107
                                   sternk@gtlaw.com

                                   *Counsel for Defendant ABC Medical Holdings, Inc.*

---

months less than the average disposition time in the District of Delaware. Pl's Opp. at 9-10. That minor difference is certainly not enough to overcome the terms of a bargained for forum selection clause.

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT**
**OF ITS MOTION TO DISMISS FOR IMPROPER VENUE** – Page 10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 14th day of October, 2013, the foregoing instrument was served via ECF filing on the following counsel:

Cheryl L. Mullin
Christianne Edlund
Farrah Ahmed
Mullin Law, PC
2425 N. Central Expy., Suite 200
Richardson, TX 75080

Robert W. Liles
Paul S. Weidenfeld
Liles Parker, PLLC
Georgetown Plaza
2233 Wisconsin Avenue NW
Suite 210
Washington, DC 20007

s/ Christopher M. LaVigne
Christopher M. LaVigne